The Honorable Sharon Trusty State Senator Post Office Box 9026 Russellville, Arkansas 72811-9026
Dear Senator Trusty:
I am writing in response to your request for an opinion on whether the Arkansas Freedom of Information Act (FOIA) applies to certain entities. As background for your questions, you state:
 The Southwest Atkins Water Users Association (SAWUA) is a nonstock holding non-profit corporation whose members are customers (users) of the association. SAWUA's water system was constructed using U.S. Department of Agriculture funds, which were provided in the form of federal grants or loans. SAWUA is not indebted to the State of Arkansas. SAWUA is managed by Tri-County Regional Water Distribution District. Water used by SAWUA is purchased from Tri-County.
 Tri-County Regional Water Distribution District is an entity created by the state pursuant to [A.C.A.] § 14-116-401. As part of its management responsibilities, Tri-County stores and maintains records which are prepared by SAWUA's Board of Directors and delivered to Tri-County. To a limited extent, there may be some duplication of records, i.e. similar records being kept by both Tri-county and SAWUA. In other instances, Tri-County may generate records, which are kept on behalf of SAWUA. *Page 2 
In light of this background information, you ask:
 1. Is SAWUA or Tri-County, as custodian for SAWUA's records, subject to the Freedom of Information Act (FOIA), considering Attorney General's Opinion 2009-129 [sic]?
 2. If either the SAWUA or Tri-County is subject to the FOIA, are FOI requests limited to only SAWUA members or open to any citizen of the State of Arkansas, regardless of the lack of actual interest they may have in SAWUA[?]
 3. Is sensitive account information (i.e. past due balances, returned checks, or notations of returned checks) and water usage information, information available to any member of the public and if so, under what conditions?
 4. Are there any guidelines available from the Attorney General's office, the state statutes or case law (other than [the] law itself), which gives actual guidance as to reasonable labor charges and copy charges incurred in providing the information stated in the FOI request[?]
RESPONSE
As for your first question, I lack sufficient information to determine whether SAWUA is subject to the FOIA. But, for the reasons explained below, Tri-County is subject to the FOIA, in my opinion. As for your second question, my response is "no," any Arkansas citizen is permitted to request records under the FOIA. As for your third question, in general the types of documents you list lack any exception that permits the custodian to withhold them from disclosure. As for your fourth question, the copying charges vary from case to case because the FOIA ties the copying charges to the actual costs accrued in each instance.
DISCUSSION Question 1: Is SAWUA or Tri-County, as custodian for SAWUA's records,subject to the Freedom of Information Act (FOIA), considering AttorneyGeneral's Opinion 2009-129 [sic]? *Page 3 
Your first question asks two distinct questions. First, you ask whether SAWUA is an entity subject to the act. Second, you ask whether Tri-County is an entity subject to the act. I lack sufficient facts to offer any definitive response to your first sub-question. As for your second sub-question, Tri-County itself appears to be a public entity subject to the act. Accordingly, the records it holds within the scope of its duties are presumed to be "public records" as defined by the FOIA. This presumption may be rebutted by a proof that the records do not in fact constitute a record of performance or lack of performance of official functions.
All public entities and some private entities are subject to the FOIA. A "public entity" includes all government agencies and any "bureau, commission, or agency of the state or any political subdivision of the state, including municipalities and counties, boards of education, and all other boards, bureaus, commissions, or organizations in the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds." A.C.A. § 25-19-103(4) (Supp. 2007); John J. Watkins Richard J. Peltz, The Arkansas Freedom of InformationAct, 30-31 (4th ed., m m Press 2004). A private entity is subject to the FOIA if two elements are met. First, the private entity must be "supported wholly or in part by public funds or expending public funds." A.C.A. § 25-19-103(4); E.g. Op. Att'y Gen. 2008-190. The public funds may be federal, state, or local funds. E.g. Op. Att'y Gen. 2008-154. The funding must be "direct" instead of merely an indirect benefit such as a tax benefit. See Sebastian County Chapter of American Red Cross v.Weatherford, 311 Ark. 656, 846 S.W.2d 641 (1993); Op. Att'y Gen. Nos. 97-148, 96-116. Second, the private entity must be conducting an activity that is intertwined with government. City of Fayetteville v.Edmark, 304 Ark. 179, 801 S.W.2d 275 (1990); Op. Att'y Gen. 2006-086; John J. Watkins Richard J. Peltz, The Arkansas Freedom of InformationAct, 47-55 (4th ed., m m Press 2004).
I lack sufficient information to respond to your first distinct question about whether SAWUA is an entity subject to the FOIA. If SAWUA is a private entity, it will be subject to the FOIA if it meets the above elements. SAWUA's lack of "indebted[ness]" to the State of Arkansas does not definitively determine whether SAWUA is subject to the act. Therefore, I am unable to assess whether SAWUA is subject to the FOIA. *Page 4 
As for your second distinct question, Tri-County does seem to be subject to the FOIA in its own right. By citing to the relevant code section, you have indicated that Tri-County exists as a creature of statute. Specifically, Tri-County is a "Regional Water Distribution District" and, as such, was created by and is subject to the regulations of A.C.A. §§ 14-116-101 et seq. Section 14-116-102 explains that regional water distribution districts are "public nonprofit[s]." Thus, Tri-County is subject to the act not because it physically maintains some of SAWUA's records, but because Tri-County itself is a public entity.
Because Tri-County is a public entity, all records it maintains within the scope of its duties are presumed to be public records. A.C.A. § 25-19-105(5)(A). The presumption may be rebutted by appealing to the content of a specific record to show that the record does not constitute a "public record." E.g. Op. Att'y Gen. Nos. 2009-063, 2009-047. The FOIA defines "public records" as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007).
Given that Tri-County is itself subject to the act as a public entity, the records it maintains in the scope of its duties are rebuttably presumed to be public records. You indicate that one of Tri-County's duties extends to SAWUA: "As part of its management responsibilities, Tri-County stores and maintains records which are prepared by SAWUA's Board of Directors and delivered to Tri-County." Accordingly, it appears Tri-County maintains (at least some) records of SAWUA within the scope of its duties. Therefore, to the extent Tri-County maintains SAWUA's records in the scope of Tri-County's duties, those records are rebuttably considered public and must be released in response to a FOIA request *Page 5 
unless the presumption can be rebutted or an exception shields the documents from disclosure.
Therefore, while I lack sufficient information to determine whether SAWUA is subject to the act, Tri-County does appear subject to the FOIA. Because Tri-County is subject to the FOIA as a public entity, all the records it maintains in the scope of its duties are presumed to be public records. Accordingly, any documents Tri-County maintains relating to SAWUA are rebuttably considered public records and must be released in response to a proper FOIA request unless the presumption is rebutted or some specific exception permits Tri-County to withhold them.
Question 2: If either the SAWUA or Tri-County is subject to the FOIA,are FOI requests limited to only SAWUA members or open to any citizen ofthe State of Arkansas, regardless of the lack of actual interest theymay have in SAWUA[?]
Any Arkansas citizen is permitted to request records under the FOIA. A.C.A. § 25-19-105(a)(1)(A) (Supp. 2007) ("all public record shall be open to inspection and copying by any citizen of the State of Arkansas. . . ."); e.g. Op. Att'y Gen. 2007-210. Thus, if either SAWUA or Tri-County is subject to the act, then any Arkansas citizen can use the FOIA to request either entity's non-exempt public records. The motive or "actual interest" of the FOIA requester is generally irrelevant to whether the FOIA request is proper. E.g. Op. Att'y Gen.2009-035.
Question 3: Is sensitive account information (i.e. past due balances,returned checks, or notations of returned checks) and water usageinformation, information available to any member of the public and ifso, under what conditions?
Yes. In general, the type of documents you listed constitute public records that no exception shields from disclosure. A document must be released in response to a FOIA request if three "conditions" are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first and second elements were discussed in response to your first question. As for the third element, the custodian may only withhold public records if a *Page 6 
specific exception shields the records from disclosure. Your use of the phrase "sensitive account information" indicates that you believe some privacy interest attaches to the items listed in your question. With respect to the FOIA exceptions, however, a person's privacy interest is generally relevant only in one of two instances: if the record is a personnel record under A.C.A. § 25-19-105(b)(12), or if information contained in an otherwise disclosable record must be redacted due to constitutional privacy concerns. The individual payment records of customers of public utilities (such as water distributers under A.C.A. § 14-116-101 et seq.) are not eligible for any specific exception under the FOIA. Further, as my predecessors have indicated, the information in the documents you have listed probably is not eligible for redactions or withholding under constitutional privacy concerns. See Op. Att'y Gen. Nos. 97-244, 2000-129.
Question 4: Are there any guidelines available from the AttorneyGeneral's office, the statute statutes or case law (other than [the] lawitself), which gives actual guidance as to reasonable labor charges andcopy charges incurred in providing the information stated in the FOIrequest[?]
The permissible copying costs must be determined on a case-by-case basis because the FOIA permits the entity responding to the FOIA request to charge no more than "the actual costs of reproduction." A.C.A. § 25-19-105(d)(3)(A)(i) (Supp. 2007); E.g. Op. Att'y Gen. 2002-029. Items included in the "actual costs of reproduction" are limited to "the costs of the medium or reproduction, supplies, equipment, and maintenance," and the costs, if any, associated with transmitting the information to the requester (i.e. mailing, faxing, etc.). The "actual costs of reproduction" does not include "existing agency personnel time associated with searching for, retrieving, reviewing, or copying the records." A.C.A. § 25-19-105(d)(3)(A)(i). If the "estimated fee exceeds" $25, the custodian may require payment in advance. A.C.A. § 25-19-105(d)(3)(A)(ii). Any charges assessed the requester must be itemized according to the items contained in A.C.A. § 25-19-105(d)(3)(A). Finally, the records custodian may provide the records at a reduced rate or at no charge if the custodian determines "that the records have been requested primarily for noncommercial purposes and that waiver or reduction of the fee is in the public interest." A.C.A. § 25-19-105(d)(3)(A)(iv). *Page 7 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:RO/cyh

 *Page 1